[No. A084543. First Dist., Div. Five. Jan. 25, 1999.]

TRANSAMERICA HOMEFIRST, INC., Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
CHARLENE A. SILVA, as Public Guardian, etc., Real Party in Interest.

**COUNSEL**

Howard, Rice, Nemerovski, Canady, Falk & Rabkin, Steven L. Mayer and Dirk M. Schenkkan for Petitioner.

Thomas F. Casey III, County Counsel and Stephen L. Dylina, Deputy County Counsel, for Respondent.

Cotchett, Pitre & Simon, Bruce L. Simon, Niall P. McCarthy and Timothy J. Fox for Real Party in Interest.

## OPINION

**JONES, P. J.**—The question we are asked to resolve is whether an action brought on behalf of a conservatee by the county's public guardian against a nonresident defendant must be transferred to a neutral county in accordance with section 394 of the Code of Civil Procedure, subdivision (a).[1] We conclude that such an action is not one "brought by" a county agency within the meaning of section 394. Accordingly, we deny the petition for a writ of mandate to compel the trial court to transfer venue.

## BACKGROUND

Transamerica Homefirst, Inc. (Homefirst), is a real estate lender that made a reverse mortgage to Berta Gray in 1994 on her Burlingame home. In 1997 the Public Guardian of San Mateo County was appointed conservator of the person and estate of Berta Gray. In July 1998 the probate court granted permission to the public guardian to proceed with a lawsuit. The public guardian, as conservator for Berta Gray, thereupon filed the present class action lawsuit against Homefirst to challenge the validity of Homefirst's reverse mortgage program. The action was filed in San Mateo County; Homefirst is headquartered in San Francisco.

Homefirst moved to transfer the action to a neutral county in accordance with section 394, but the trial court denied the motion. Homefirst now petitions for a writ of mandate to compel the trial court to transfer venue. (§ 400.) The public guardian submitted opposition to the petition, and we issued an order to show cause why a peremptory writ of mandate should not issue.

## DISCUSSION

There is no dispute that Homefirst is a nonresident of San Mateo County, nor is there any question that the public guardian is a county

[1]Unless otherwise indicated, all further section references are to the Code of Civil Procedure. Section 394, subdivision (a), directs that when an action is brought by a city, county, or local agency against a resident of another city or county, venue shall be transferred, upon motion, to a county other than the county in which the plaintiff is situated. Subdivision (c) of section 394 defines "local agency" as "any governmental district, board, or agency, or any other local governmental body or corporation [excluding the State or its agencies]."

agency, part of the aging and adult services division of the county's health services agency. Homefirst argues that those two circumstances are all that is required by section 394 to mandate a transfer to a neutral county. We cannot agree.

The statute applies when the lawsuit is "brought by" a public entity, and the determination of whether an action is brought by a county agency depends upon the role of that county agency within the lawsuit. (*Nguyen* v. *Superior Court* (1996) 49 Cal.App.4th 1781, 1786-1789 [57 Cal.Rptr.2d 611].) In *Nguyen,* the county district attorney brought a red light abatement action against a nonresident defendant. The court concluded that in such a lawsuit the district attorney acts as an officer of the state, not the county, and section 394 did not apply. Similarly here, the public guardian is acting as conservator of Berta Gray, not on behalf of the county.

Neither the county nor the public guardian is a party to this action; the named plaintiff is Berta Gray. Because Berta Gray is incompetent, the law requires that she appear in a lawsuit through her conservator. (§ 372; see *Briggs* v. *Briggs* (1958) 160 Cal.App.2d 312, 318 [325 P.2d 219].) The public guardian therefore brings the action on behalf of Berta Gray, and any recovery will go to her conservatorship, not to the county or to the public guardian.

Although the public guardian is unquestionably a county agency, it is the county agency uniquely designated to serve as conservator of incompetent persons when no one else is available to serve. (Gov. Code, § 27430; Prob. Code, § 2920.) When the public guardian acts as a conservator, the public guardian stands as all conservators do in a fiduciary relationship with the conservatee and subject to court supervision. (Prob. Code, §§ 2101, 2102.) Accordingly, in this lawsuit, the public guardian is bound to act in the interests of Berta Gray, not in the interests of the county. Under these circumstances, we conclude that the action is not "brought by" a public entity within the meaning of section 394.[2]

---

[2]Homefirst relies upon *San Francisco Foundation* v. *Superior Court* (1984) 37 Cal.3d 285 [208 Cal.Rptr. 31, 690 P.2d 1], but that case is distinguishable. After Marin County had intervened in a probate proceeding as representative of the beneficiaries of the Buck Trust, the county later petitioned to remove the San Francisco Foundation as trustee. The Supreme Court held that the action should be transferred out of Marin County pursuant to section 394, as the proceeding to remove the trustee was brought by the county, even though the underlying probate proceeding had not been initiated by the county. The court did not

■ We recognize, of course, that section 394 should receive a liberal construction that will promote rather than frustrate the policy behind the law. (*Westinghouse Electric Corp.* v. *Superior Court* (1976) 17 Cal.3d 259, 266, 268 [131 Cal.Rptr. 231, 551 P.2d 847].) We are convinced that our conclusion about the role of the public guardian conforms to the statutory purpose.

Section 394 is intended to guard against possible local bias against out-of-county defendants. (*Westinghouse Electric Corp.* v. *Superior Court, supra,* 17 Cal.3d at p. 266.) The local bias against which the statute protects is "prejudice resulting from citizens in the county perceiving the trial outcome as tied to their economic interests." (*Nguyen* v. *Superior Court, supra,* 49 Cal.App.4th at p. 1790, italics omitted.) The *Nguyen* court concluded that because the lawsuit before it did not impact the economic vitality of the county, the policy behind section 394 was not contravened by exempting the red light abatement action from the mandatory transfer provisions of section 394.[3] (17 Cal.3d at pp. 1790-1791.)

■ In the present case, the trial court, relying on *Nguyen*, denied the motion to transfer for the stated reason that there is "no economic interest or possible impact on economic vitality of [the] county." Homefirst complains that the trial court erroneously imposed a requirement that does not appear in the statute. Although we agree that the statute does not require that the public entity have an economic interest in the outcome of the lawsuit before a nonresident defendant may seek a transfer of venue, we nevertheless find it relevant that any recovery in the instant case would go to the conservatorship estate, not to the public coffers. The fact that any judgment in this case would have no potential impact on the monetary interests of the county's taxpayers means that the protective purpose of section 394 will not be thwarted by our conclusion that the statute is inapplicable.

In summary, we hold that because this lawsuit is not brought on behalf of the county or other public entity but by the public guardian in its role as conservator on behalf of the conservatee, venue need not be transferred pursuant to section 394.

---

examine the role of the county when acting in a representative capacity. The issue was whether the nature of the cause of action was such that the action was brought by the county.

[3]The *Nguyen* court observed, too, that the defendant was not without a remedy; it could seek a transfer of venue pursuant to section 397, subdivision (b), upon a showing that an impartial jury cannot likely be found. (*Nguyen* v. *Superior Court, supra,* 49 Cal.App.4th at p. 1791.)

## DISPOSITION

The order to show cause is discharged, and the petition for writ of mandate is denied.

Haning, J., and Stevens, J., concurred.

Petitioner's application for review by the Supreme Court was denied May 12, 1999.